ORIGINAL

# IN THE UNITED STATES DISCTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**JUN 26 2024**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| **NIKOLSON LACOUR,** | **CIVIL ACTION FILE** |
| Plaintiff, Pro Se | |
| | No: **1:24-CV-2817** |
| vs. | |
| **UNION CITY, GEORGIA;** **DONNA BAKER,** Peace Officer for Union City GA, in her official and individual capacity; **OTHER DEFENDANTS TO BE NAMED OR IDENDTIFIED** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

## <u>COMPLAINT</u>

## <u>AND DEMAND FOR JURY TRIAL</u>

COMES NOW Pro Se Plaintiff, NIKOLSON LACOUR (hereinafter "Plaintiff") and files this complaint for damages and for declaratory, compensatory and injunctive relief under 42 U.S.C. § 1983 and the State of Georgia Laws against the defendants, UNION CITY GEORGIA (hereinafter "Union City", "The City"),

ORIGINAL

AND officer DONNA BAKER (hereinafter "Baker", "Officer Baker") and alleges as follows:

## PARTIES

1. Plaintiff Nikolson Lacour is an actual resident of Johns Creek, Fulton County, Georgia, USA and is therefore a Citizen of the State of Georgia.

2. Upon information and belief, Union City Georgia is a municipal government entity that maintains an office at 5047 Union St, Union City, Fulton County, GA 30291 in Fulton County.

3. Upon Information and Belief, Defendant Donna Baker is a Peace Officer for Union City and a resident of Fairburn, Georgia in Fulton County.

4. Other defendants will be identified during the discovery process.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1343 because it seeks to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the U.S. Constitution and 28 U.S.C. § 1331, because it arises under the Constitution and laws of the United States, and 28 U.S. Code § 1367 because of supplemental jurisdiction.

ORIGINAL

6. This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district, in Fulton and Clayton counties, and pursuant to 28 U.S.C. § 1391(b)(2), because Defendants are resident of Fulton County, Georgia in the Judicial District and Division of the above-referenced case.

8. Plaintiff provided Union City Georgia with notice of his allegations by letter sent to the Mayor's Office via certified mail on March 18, 2024, at 5047 Union St, Union City, GA 30291, in accordance with Georgia's ante litem notice statute, O.C.G.A. § 36-33-5. Thirty days have passed since the presentation of such a claim to Union City. See O.C.G.A. § 36-33-5(b).

## NATURE OF THIS ACTION

9. This is an action for relief under 42 U.S.C. § 1983, the US Constitution and other Georgia Statute and Laws related to above-mentioned Defendants as State actors, acting under the Color of Law, depriving Plaintiff of his vehicle, that Plaintiff ordinarily rents in the course of his car rental business, a 2011 Black Mercedes ML350, that may have been near a public hotel *(See Exhibit 1)*

ORIGINAL

where a murder has been committed 21 days before *(See Exhibit 2)*. The vehicle was seized from Plaintiff's driveway by Union City Police department on February 9th, 2024, in complete violation of his 4th and 14th Amendment rights, without probable cause, without due process and with an invalid warrant based on misleading statement *(See Exhibit 3)*. After noticing the city of his intent to sue, the city finally put an end to the disguised civil asset forfeiture, asked Plaintiff to come and pay to retrieve his car, and refused to give any explanation on why the car was seized and what it was to be searched.

10.     Defendants seized Plaintiff's vehicle for a "general, exploratory rummaging in plaintiff's belongings." The Union City Georgia Police Department has the reputation of "shotgun investigation", by pretextually invading in mass law abiding citizens' lives and properties and see what may stick in their instigation, or what unrelated crime they may find *(4th and 14th amendment violation),* and claims such investigations without probable cause are legal because they have warrant, but will not provide the affidavit for an eventual Franks hearing. Moreover, Plaintiff has an ongoing legal action against a City in Fulton County, GA, and can clearly observed since then, in retaliation, that himself and his business is under surveillance, not only by Officer Ronnie Allan from Union City, but by various other investigators watching his house or following him when driving.

ORIGINAL

11.    The seizure of Plaintiff's car for more than a month was used to intimidate and bargain with Plaintiff on providing private information *(5th and 14th amendment violation)*.

12.    Plaintiff was asked by Union City Police to pay to recover his car after 33 days and was informed that there is an accruing daily storage fee from a private wrecker company. This is the city's custom and policy to impound cars for pretextual search, without probable cause, with false statement, and have the owner pay all impound, storage and administrative fees to retrieve them. These actions and practices are overtly ratified by the City's mayor and decision makers. Paying to recover his car in these circumstances is a violation of Plaintiff's *4th Amendment's right under U.S. Constitution*, in violation of due process, and a violation of Georgia's statute on disposition of personal property in custody of law enforcement agency. *See O.C.G.A § 17-5-54(a)(1)*[1].

---

[1] O.C.G.A 17-5-54(a)(1). Disposition of personal property in custody of law enforcement agency: Except as provided in Code Sections 17-5-55 and 17-5-56 and subsections (d), (e), and (f) of this Code section, when a law enforcement agency assumes custody of any personal property which is the subject of a crime or has been abandoned or is otherwise seized, a disposition of such property shall be made in accordance with the provisions of this Code section. When a final verdict and judgment is entered finding a defendant guilty of the commission of a crime, any personal property used as evidence in the trial shall be returned to the rightful owner of the property...

ORIGINAL

13.    Union City Georgia refused to this date to provide the Warrant's Probable Cause Affidavit submitted by Defendant Baker, in complete disregard to all procedural due process. But even the warrant itself can show misrepresentation and lies had been used to obtain the search Warrant.

## FACTS

14.    Plaintiff is a law-abiding citizen who earns his living as a Professional Engineer since almost 20 years, lives a modest life, works very hard for an employer in Georgia, and has a "side gig" as a car rental owner thru a well-known platform called Turo.

15.    On February 6th, 2024, Plaintiff was contacted by Seargent Ronnie Allen ("Officer Allen") via phone calls and text messages.

16.    Upon information and Belief, Ronnie Allen is a Seargent Officer of the Union City Police Department.

17.    Officer Allen asked Plaintiff how he could know who was driving a Black Mercedez Benz belonging to Plaintiff, on January 19th, 2024.

ORIGINAL

18.    Plaintiff answered Officer Allen that all he had to do was ask him for any information that could help with an investigation[1].

19.    Plaintiff explained to Officer Allen that the 2011 Black Mercedes Benz ML350 ("car", "vehicle") was rented by him as the owner thru Turo, an online Platform for peer-to-peer car rental, to a female renter called Makieta PARKS ("Mrs. Parks"), from January 18th to January 20th, 2024, and that the car was returned since then and has been rented to other people.

20.    Plaintiff was not made aware about the reason Officer Allen was investigating, did not ask for the reason for a matter of privacy towards his customer, and didn't know why Officer Allen was investigating.

21.    Plaintiff, for the safety of his renters, and to avoid that the car got stopped by Police while the new renters are driving it, reminded Sergent Ronnie that, as a rental car, it is being driven from person to person that has no relationship between them, even if this should already be obvious to the officer.

---

[1] As a rental car owner, plaintiff has every reason to cooperate with police because their work contributes obviously to the protection of his cars, as business assets, while being rented. Police in the Atlanta area believes in the stigma that rental cars are associated with crimes. But for the many years Plaintiff is engaging in this business, there is never any incident where a renter committed crimes using Plaintiff's car, besides traffic violation. Also, while rental car may be used for transport of contraband, it is not likely that criminals would rent cars to commit murders, because of usual tracking system.

22.    Plaintiff also told Officer Allen that the car does not have a GPS system, in response to his question about location tracking system, because of its old year of manufacturing, and that Mrs. Parks is a repeat customer and rented other cars from him before, and it may be easy to see where she lives and contacted her.

23.    Plaintiff, on his own will, sent to Officer Allen a screenshot of the reservation specifying the rental date, the renter's full name (Mrs. Parks), and the renter's picture, via text message and via email. Plaintiff also explained to Seargent Ronnie that Turo has more information about the renter.

24.    Plaintiff even sent to Officer Allen the screenshot of another reservation that the renter made before, but with another type of car.

25.    On February 09, 2024, 3 days after being contacted by Officer Allen, the above-referenced Mercedes got towed from the Plaintiff's driveway by the Union City Police Department for investigation under a warrant requested by Defendant Donna Baker.

26.    The affidavit merely said that the "Detectives will be searching for a 2011 Mercedes Benz ML 350, Ga Tag: ██████, VIN: ███████████████, that was confirmed as the vehicle observed via Flock Safety Camera, and hotel video surveillance footage *at the scene* on Friday, January 19, 2024.

ORIGINAL

27.    Upon information and belief, the scene referred in the warrant was a murder scene at Magnuson Hotel (OYO Hotel) located at 6840 Shannon Parkway Room 331, Union City, Fulton County, Georgia 30291 where a victim was murdered in his room by some individuals on January 19th, 2024, at approximately 2230 hours, *21 days* before the Plaintiff's car Seizure. *See Exhibit 1 and 2*

28.    The warrant did not specify what relation the vehicle may have with potential suspects of the alleged murder. *See Exhibit 3*

29.    The area of the alleged murder scene is a public area with lot of parking lots and high traffic. *See Exhibit 1*

30.    Plaintiff lost several days of work in his attempt to get the above-referenced Mercedez back, had to leave his work from another State and travel back to Atlanta twice to try to retrieve his car, and also lost income from the car not being able to be rented.

31.    On March 14th, 2024, 33 days after the illegal seizure, and after noticing Officer Allen that he is going to sue, Plaintiff was invited to the Union City Police Department by Defendant Detective Donna Baker, to pick up the vehicle.

32.    Upon arrival at the Union City Police Station, Plaintiff met with the front office clerks that should process the disposition of the car. *See O.C.G.A §
17-5-54(a)(1)*

ORIGINAL

33. After identification of Plaintiff, the clerks called Defendant Baker and left the front office, instead of proceeding to the disposition of the car.

34. Defendant Baker came to the front office to meet Plaintiff.

35. Plaintiff was submitted to a fishing expedition by Defendant Baker asking him for details about who lives in his house, their phone numbers.

36. Plaintiff chose to exercise his fifth amendment right by not responding to any question invading his privacy.

37. Plaintiff realized that Mrs. Baker may not have any suspect at all, and for sure no suspect in relation to the vehicle, and she seized the car to explore if she could find anything related to her case and to blackmail Plaintiff to get information he may have.

38. After Plaintiff refused to answer questions, Defendant Baker appeared disappointed, shook her head and told Plaintiff in stupefaction: "Oh, you refused to answer question in a murder investigation."

39. Defendant Baker told Plaintiff he will have to go to the towing company and pay for all fees to get his car.

40. Plaintiff presented all papers necessary to start the vehicle's disposition process necessary before going to the tow company.

ORIGINAL

41.    Defendant Baker told Plaintiff that she will not make copies for him, and that Plaintiff must find a way to make his own copy.

42.    The Police Department has a copy machine in plain view and the Plaintiff's ID has been photocopied before by the Police Department on one of Plaintiff's visits to inquire about the car.

43.    In his belief, Plaintiff interpret the reaction of Defendant Baker as retaliation from having exercised his fifth amendment's right, and that her action is against the Police Department policy, and Georgia's Law that request that all that is needed is proof of ownership. *See O.C.G.A § 17-5-54(a)(1)*

44.    Plaintiff left the Police Department and sent an Ante Litem letter to Union City's mayor Vince Williams detailing the circumstances of the unconstitutional seizure of his car and the financial damages he suffered from such seizure.

45.    Plaintiff asked Union City to give him his car back with no fee to him, that Union City pays for all towing and storage fees and to pay for his loss of income.

46.    Defendant Union City denied Plaintiff's demand.

47.    Union City Georgia still has custody of Plaintiff's vehicle.

# LEGAL CLAIM

## COUNT I: FOURTH AMENDMENT VIOLATION – ABSENCE OF PROBABLE CAUSE BY MERE PROXIMITY TO A CRIME SCENE

48.    The preceding paragraphs are hereby incorporated by reference as if set forth herein.

49.    Plaintiff's right to be secure in his person, house, paper, and effect, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue against Plaintiff, *but upon probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. This right is guaranteed by the U.S. constitution, through the Fourth Amendment.

50.    Also pursuant to O.C.G.A § 17-5-21(a), for a Search Warrant to be issued, the Peace officer *must state facts sufficient to show probable cause that a crime is being committed or has been committed* and which particularly describes the place or person, or both, to be searched and things to be seized

51.    The area of the alleged crime scene is a very high traffic area, and the hotel itself is a public area where anyone could have been. *See Exhibit 1.*

52.    Courts around the U.S. have established many times that proximity to a crime scene, without more, does not even establish reasonable

ORIGINAL

suspicion[1] for a police officer's detention, and therefore definitely would not establish probable cause to warrant a seizure of Plaintiff's car that may have been near the hotel where a murder may have happened 21 days earlier, based only on this fact.

53.     The 11th Circuit clearly established that finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, one must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator. *See United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989).*

---

[1] In State v. Brown, 217 N.C. App. 566 (2011), Court established that proximity to area in which robbery occurred four hours earlier insufficient to justify stop.

In State v. Chlopek, 209 N.C. App. 358 (2011), Court determines there was no reasonable suspicion to stop a truck that drove into subdivision under construction and drove out thirty minutes later at a time of night when copper thefts had been reported in other parts of the county.

In State v. Murray, 192 N.C. App. 684 (2008), officer did not have reasonable suspicion to stop vehicle when officer was on patrol at 4:00 a.m. in area where there had been recent break-ins; vehicle was not breaking any traffic laws, officer did not see any indication of any damage or break-in that night, vehicle was on public street and was not leaving parking lot of any business, and officer found no irregularities on check of vehicle's license plate.

ORIGINAL

54.    If there were more facts than the mere proximity to the crime scene, it should have been part of the Warrant's affidavit. Probable cause must be affirmatively shown on the face of the record.

55.    The 11th Circuit stated in *Laskar v. Hurd* 972 F.3d 1278: So after excluding the alleged misstatements, we must conclude that the warrant affidavit lacked any factual basis to support probable cause. See St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002) (reiterating that *our analysis is "limited to the four corners of the complaint" and that we must draw all reasonable inferences in the plaintiff's favor*). "Of course, an affidavit does not support probable cause if it lacks any facts that suggest a crime occurred." Williams, 965 F.3d at 1166–67.

56.    EVEN IF, *arguendo*, the car has been used by criminals while being rented, and this is not likely the case, there would be no fair probability that there will be evidence of a crime 21 days later, after the car was cleaned after several

ORIGINAL

succeeding renters, unless Union City Police Department can state what such evidence could consist of[1].

57.    Also, Plaintiff would have had ample opportunity to destroy evidence after talking with Sergeant Ronnie Allen.

58.    The seizure of Plaintiff car has a hidden motive, and is definitely not based on probable cause.

59.    Officer Baker is liable for illegally seizing Plaintiff car without probable cause, and accomplishing such acts oppressively, maliciously, corruptly, and without authority of law, pursuant to O.C.G.A. 33-36-4. Qualified Immunity "protect[s] from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008) (internal quotation marks omitted), abrogated on other grounds by *Williams v. Aguirre*, 965 F.3d 1147, 1162–65 (11th Cir. 2020).

---

[1] In Coolidge v. New Hampshire, 403 U.S. 443 (1971), the Supreme Court wrote: "Under the circumstances present here -- where the police for some time had known of the probable role of the car in the crime, petitioner *had had ample opportunity to destroy incriminating evidence*, the house was guarded at the time of arrest and petitioner had no access to the car -- there were no exigent circumstances justifying the warrantless search even had it been made before the car was taken to the police station, and the special exceptions for automobile searches in Carroll v. United States, 267 U. S. 132, and Chambers v. Maroney, 399 U. S. 42, are clearly inapplicable. Cf. Dyke v. Taylor Implement Mfg. Co., 391 U. S. 216. Pp. 403 U. S. 458-464."

60.    The City of Union City Georgia is liable for the illegal seizure of Plaintiff's vehicle after ratification of seizure without probable cause by the mayor's office and final decision-making authorities, in preventing the disclosure of the affidavit, and because the police-misconduct and the unlawful government action is part of the city's policy or custom, and the city ratified such acts by showing no transparency and failing to correct the illegal act.

## COUNT II: FOURTH AMENDMENT VIOLATION – SEIZURE WITH AN INVALID WARRANT DUE TO MISREPRESENTATION

61.    The preceding paragraphs are hereby incorporated by reference as if set forth herein.

62.    Union City Georgia refused to provide the warrant's affidavit to Plaintiff, against all procedural Due Process, which gives the Plaintiff the right to see the opposing side's evidence and the right to cross-examination of the opposition's witnesses[1].

---

[1] See the article "Some Kind of Hearing" written by Judge Henry Friendly, where he created a list of basic due process rights "that remains highly influential, as to both content and relative priority. The rights, which apply equally to civil due process and criminal due process, includes the opportunity to present reasons for the proposed action not to be taken, the right to know the opposing evidence, the right to cross-examine adverse witnesses…

ORIGINAL

63.   But even in the warrant itself, misrepresentation can be found.

64.   The Search Warrant for seizure of Plaintiff's vehicle stated, all in one sentence, that the 2011 Mercedes Benz was rented through TURO Car Rental Services, on Thursday, January 18, 2024, through Saturday, January 20, 2024, and was towed to ███████████, Atlanta, on Sunday, February 4, 2024[1].

65.   This is a misrepresentation of fact by the affiant to make the magistrate judge believe *that the car was still in the possession of the alleged potential suspect* since January 18th, 2024, and was towed to Plaintiff's location later.

66.   The malicious precision in the warrant that *"the car was towed to the location"* was put there to mislead and make believe that something suspicious may have been happening, like the renter from January 19th, 2024, the day of the alleged murder, was afraid to bring the car back because it was used as a

---

[1] The verbatim is: The 2011 Mercedes Benz ML 350, GA Tag: CYG4981, VIN: ███████████70, was rented through TURO Car Rental Services, and owned by ███ ███ LLC, ██████████████ Georgia ███, on Thursday, January 18, 2024, through Saturday, January 20, 2024, by MARKIETA PARKS, and was towed to ███ ███, Clayton County, Atlanta, Georgia 30349, on Sunday, February 4, 2024. Thursday, February 8, 2024, Detective Ronnie Allen observed the vehicle parked in the driveway of the residence.

getaway instrument, or the car got damaged while fleeing the crime scene, or some evidences were removed from the car and incapacitated its motion.

67.    The truth is that the car has been returned properly on January 20th, 2024, by Mrs. Parks to the Plaintiff's location, as she usually do on other rental from Plaintiff, at the address referenced in the warrant, and has been rented several times to several other renters after the rental that ended on January 20th, 2024, and had a mechanical issue on *Highway 285* while being driven by a renter presumptively not related to Mrs. Parks at all.

68.    The Officer knew, should have known or could have known this fact if it was not for deliberate falsehood or reckless disregard for the truth.

69.    Plaintiff was sending screenshots of rental documents to Seargent Allen, and let him know if he needed an information, just asked him, or contact Turo. Even if the Officer couldn't rely on Plaintiff's truthfulness, proof of what happened to the car after its return on January 20th, 2024, was easily accessible to the officer, if it was not for plain incompetence or malice.

70.    Moreover, there is reason to believe that the towing company's record informed Union City's Officers that the car was towed from the side of the road on *Highway 285* on February 4th, 2024, not from someone's house, or from a street, where it may have been hidden for a while.

71.   Moreover, the location of the car in the warrant, where it was seized, was given to Seargent Ronnie via text message by Plaintiff since their first conversation, and it was not the result of his investigation that could suggest that the car may have been towed to a suspicious location to be hidden.

72.   The car was in the house's driveway for several days, in plain view of the public, and the warrant admitted that Officer Allan saw the car in the driveway a day before the warrant.

73.   The location where the car was seized is being rented by Plaintiff from a rental agency, due to its promiscuity to the airport where travelers rent cars often, and a simple search can easily reveal who is the owner and who is renting a location.

74.   Detective Baker stating that "*the car was towed to the location*", in *the same line of events* as its rental 21 days earlier, had no relevance to the case and was maliciously misleading.

75.   Plaintiff needs to see the affidavit to reveal more lies and misrepresentations.

76.   A search warrant affidavit which contains erroneous facts, false statements or misrepresentations may render the search warrant and the ensuing search invalid. Where a search warrant affidavit contains intentional or reckless

ORIGINAL

misstatements of fact, such will render the warrant issued thereon invalid where such erroneous facts are material to the showing of probable cause. *Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)*. Although *Franks* dealt only with affirmative false statements, its principles also allow attacks on warrants allegedly different as a result of a misleading omission.

77.    Officer Baker is liable for illegally and maliciously seizing Plaintiff car by recklessly or intentionally misrepresenting the facts, and accomplishing such acts oppressively, maliciously, corruptly, and without authority of law, pursuant to O.C.G.A. 33-36-4. Qualified Immunity "protect[s] from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008) (internal quotation marks omitted), abrogated on other grounds by *Williams v. Aguirre*, 965 F.3d 1147, 1162–65 (11th Cir. 2020).

78.    The City of Union City Georgia is liable for the illegal seizure of Plaintiff's vehicle because the police-misconduct and the unlawful government action is part of the city's policy or custom, and the city ratified such acts by issuing an invalid warrant and failed to correct the illegal act.

ORIGINAL

## COUNT III: FOURTH AMENDMENT VIOLATION – SEARCH WITH AN INVALID WARRANT DUE TO INSUFFICIENT PARTICULARITY

79.     The preceding paragraphs are hereby incorporated by reference as if set forth herein.

80.     The Fourth Amendment provides that "…no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

81.     The Warrant specified what car was to be seized with sufficient particularity. And then that car had to be searched.

82.     Defendant Baker does not specify what would be searched for inside the car, or what was the basis of the reasonable belief that the car was used in a crime.

83.     Defendant Baker does not specify if the alleged criminals were seen inside the car, flee the scene in the car, had illegal substances in the car, fire shots in the car, and what evidence will be found in the car…

84.     Therefore, the seizure was just a fishing expedition based on just checking some prewritten boilerplate statements in a warrant form.

ORIGINAL

85.    The Search Warrant used by Defendant Baker was "a general, exploratory rummaging in a plaintiff's belongings." See *Coolidge v. New Hampshire* , *403 U.S. 443, 467 (1971)*.

86.    Officer Baker is liable for illegally and maliciously seizing Plaintiff car with an invalid warrant, and accomplishing such acts oppressively, maliciously, corruptly, and without authority of law, pursuant to O.C.G.A. 33-36-4. Qualified Immunity "protect[s] from suit all but the plainly incompetent or one who is knowingly violating the federal law." Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008) (internal quotation marks omitted), abrogated on other grounds by Williams v. Aguirre, 965 F.3d 1147, 1162–65 (11th Cir. 2020).

87.    The City of Union City Georgia is liable for the illegal seizure of Plaintiff's vehicle because the police-misconduct and the unlawful government action is part of the city's policy or custom, and the city ratified such acts by issuing an invalid warrant and failed to correct the illegal act.

**COUNT IV: FIRST, SIXTH AND FOURTEENTH AMENDMENT VIOLATION – LACK OF DUE PROCESS- LACK OF FREEDOM OF PRESS- VIOLATION OF THE RIGHT TO PETITION GOVERNMENT – VIOLATION OF THE RIGHT TO BE INFORMED OF THE NATURE**

ORIGINAL

# AND CAUSE OF THE ACCUSATION - BY NOT RELEASING THE

# WARRANT AFFIDAVIT

88.    The preceding paragraphs are hereby incorporated by reference as if set forth herein.

89.    Union City Georgia refused to provide Plaintiff with the above-referenced warrant's affidavit, even after the city was put on notice by an Ante Litem letter, and Plaintiff made the Open Record Request in writing to the city, in accordance with Georgia's Open Records Act ("the Act")[1].

90.    Generally, a court record is a public record, and the warrant affidavit must accompany the warrant, or must be available for inspection and copying, in all transparency.

91.    Plaintiff has the right to access the affidavit as a public record (present or future), has the right to clear his reputation, and must avoid negligence

---

[1] O.C.G.A 50-18-71 (e) Requests by civil litigants for records that are sought as part of or for use in any ongoing civil or administrative litigation against an agency shall be made in writing and copied to counsel of record for that agency contemporaneously with their submission to that agency. The agency shall provide, at no cost, duplicate sets of all records produced in response to the request to counsel of record for that agency unless the counsel of record for that agency elects not to receive the records.

ORIGINAL

lawsuit from his renters after the Police allegations of the car's participation in a horrible murder in the area where the car is being rented.

92.    The Fifth and the Fourteenth Amendments of the U.S. Constitution guarantee due process to all citizens, the First Amendment guarantees the right to petition the Government for a redress of grievances.

93.    It is against the U.S. Constitution to tarnish Plaintiff's reputation, seize Plaintiff's car and agreeing to return it upon cost paid by Plaintiff, while depriving Plaintiff of his right to see the evidence justifying Probable Cause of the deprivation, while depriving Plaintiff of his right to present the reasons why the government should not have moved forward with the intended action, and while depriving Plaintiff of his right to see the opposing side's evidence.

94.    Union City Georgia, to unjustly shield his officers from liability for their wrongdoing and to protect them against Franks hearing, against all

ORIGINAL

transparency, invoked as pretext the exemption from public disclosure of O.C.G.A. 50-18-72(a)(4)[1], related to records from law enforcement *pending* investigation.

95.    The investigation in Plaintiff's vehicle shall no longer be deemed to be *pending* when all direct litigation involving such investigation and prosecution has become final or otherwise terminated, and Plaintiff was asked to come retrieve his car[2].

96.    If the warrant's affidavit to seize Plaintiff's car is part of the well-known Union City's "shotgun investigation", and involves several parties, the Act provides the ability to redact exempt information from the record.

---

[1] O.C.G.A 50-18-72(a) Public disclosure shall not be required for records that are: (4) Records of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity, other than initial police arrest reports and initial incident reports; provided, however, that an investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving such investigation and prosecution has become final or otherwise terminated; and provided, further, that this paragraph shall not apply to records in the possession of an agency that is the subject of the pending investigation or prosecution; and provided, further, that the release of booking photographs shall only be permissible in accordance with Code Section 35-1-19.

[2] In *Georgia Law Enforcement and the Open Records Act* by Georgia Bureau of Investigation and Georgia First Amendment Foundation: Although all public records are presumed to be subject to inspection and copying, Georgia law provides that under certain circumstances some categories of information may be withheld from public disclosure. The Act itself makes clear that such exemptions to the Open Records Act must be interpreted narrowly. The Act also provides that once exempt information is removed or "redacted" from a record, the rest of the record must be made available for inspection and copying.

ORIGINAL

97. The City of Union City Georgia is liable for the illegal seizure of Plaintiff's vehicle and for intentional infliction of emotional distress to the Plaintiff by having his reputation tarnished with murder with malice, with no way of defense, and such police-misconduct and the unlawful government action is part of the city's policy or custom, and the city ratified such acts.

## COUNT V: FOURTH AND SIXTH AMENDMENT VIOLATION – DELAYED DISPOSITION OF PROPERTY IN CUSTODY OF LAW ENFORCEMENT – DISGUISED CIVIL ASSET FORFEITURE

98. The preceding paragraphs are hereby incorporated by reference as if set forth herein.

99. Union City Georgia declared, 33 days after the deprivation, and upon notice of a lawsuit by Plaintiff, that Plaintiff must pay all impound, daily storage, and administrative fees to a private party if Plaintiff wants to get his car back.

100. Plaintiff's car was not impounded for safe keeping.

101. Plaintiff's car was never proved to be an instrument in the commission of a crime by any court of law, and no probable cause exists for such accusation.

ORIGINAL

102. Plaintiff's car was seized for an indefinite amount of time for a "pretextual search" and the city agreed to return it after 33 days under the notice of a lawsuit.

103. Union City Georgia engaged in a disguised Civil Asset Forfeiture, by requiring large sum of money from law abiding citizens after unconstitutional seizure of their properties, sum they may not have in a timely manner, or may never have, or may just not worth spending for the asset.

104. Plaintiff was asked to come to the Police Station, traveled to Georgia from a job site in Connecticut, and while he was expecting to recover the car that day, an officer just wanted to have a copy of his ID and let him know the car was not ready.

105. Plaintiff was asked to come to the Police Station again, 33 days after the seizure, and traveled back to Georgia from a job site, and Defendant Baker

ORIGINAL

used the car seizure to interrogate and intimidate Plaintiff, and delayed the release of the car by pretexting that Plaintiff does not have *copies* of his proof of ownership[1].

106. Such a bargain is a violation of the sixth amendment guaranteeing the right to a speedy trial, and Georgia laws does not provide any legal basis to collect money in these circumstances.

107. The 11th Circuit uses the Barker test for delayed seizure or civil asset forfeiture, and there is no reason to hold Plaintiff's car for 33 days while Plaintiff has asserted his right many times, no reason to ask Plaintive to pay to reclaim his car, knowing that the car is a rental car and will prejudice plaintiff's income. *See Culley v. Marshall and Barker v. Wingo, 407 U.S. 514 (1972).*

108. The City of Union City Georgia is liable for the illegal seizure of Plaintiff's vehicle and the unconstitutional delay of its disposition to Plaintiff, and this misconduct and this unlawful government action is part of the city's policy

---

[1] In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court held: A defendant's constitutional right to a speedy trial cannot be established by any inflexible rule, but can be determined only on an ad hoc balancing basis in which the conduct of the prosecution and that of the defendant are weighed. The court should assess such factors as the length of and reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. In this case, the lack of any serious prejudice to petitioner and the fact, as disclosed by the record, that he did not want a speedy trial outweigh opposing considerations, and compel the conclusion that petitioner was not deprived of his due process right to a speedy trial. Pp. 407 U. S. 519-536.

ORIGINAL

or custom, and the city ratified such acts by issuing an invalid warrant and failed to correct the illegal act.

## **PRAYER FOR RELIEF**

109.    WHEREFORE based on such conduct by Defendants as set forth above, Plaintiff prays this court to hold a trial by Jury and asserts a claim for judgement for all declaratory, compensatory and punitive damages against defendant, including:

a) Declaratory judgment that the methods, acts, or practices of Defendants are unlawful;

b) Permanently enjoin Defendants, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, who receive actual notice of the injunction, from engaging in the acts and practices;

c) Award Plaintiff with $30,000 for the acquisition of a new car, after having ruined the reputation of the existing car by associating it with murder;

d) Award Plaintiff past and present loss of income due to the absence of the car- $47,450.

ORIGINAL

e) Award Plaintiff damages to its reputation and the reputation of its business - $500,000;

f) Award Plaintiff Legal Fees and expenses - $100,000;

g) Award Plaintiff all actual damages, including mental anguish, anxiety, emotional distress and damage to reputation;

h) Award Plaintiff nominal damages;

i) Award Plaintiff punitive damages to the extent permitted by law;

j) Award prejudgment and post judgment interest;

k) Award such other and further relief as the Court deems just and proper.

/s/ Nikolson Lacour

Nikolson Lacour
Plaintiff, Pro Se
6625 Stapleford Lane
Duluth, Georgia 30097
(973)-855-6561
nikolsonlacour@gmail.com

# EXHIBIT 1

Hotel where alleged murder may have happened on January 19th, 2024 and surrounding area

Google Maps    6840 Shannon Pkwy



Imagery ©2024 Airbus, Maxar Technologies, Map data ©2024    50 ft

PAGE 2

# EXHITBIT 2

Initial Police Report

1

# UNION CITY POLICE DEPARTMENT

## Offense / Incident Report

GENERAL OFFENSE INFORMATION          Report Type:    Initial Report

| | | |
|---|---|---|
| Agency    UNION CITY PD | Location | 6840 SHANNON PARKWAY ROOM 331 |
| Case #    24-000547 | | UNION CITY GEORGIA 30291- |
| File # | | |
| Description    MURDER | | |
| Incident Status    ACTIVE | From Date/Time | 01/19/2024 22:00 |
| | To Date/Time | 01/19/2024 23:00 |
| | Report Date | 01/20/2024 00:12 |
| Reporting Officer    FU, ANDREW | Initial Rep. Date | 01/20/2024 00:12 |

GENERAL ADDITIONAL DATA

| Label | Data | System | Required | From |
|---|---|---|---|---|
| P.D. Report # | 24-000547 | Y | N | Incident General |
| Approving Officer | K. HARRIS | Y | N | Incident General |
| Approving Officer Badge # | 971 | Y | N | Incident General |
| Approval Date | 01/20/2024 | Y | N | Incident General |

## OFFENSE(S)

| | |
|---|---|
| Offense | MURDER (FEL) |
| Statute | 16-5-1 |
| Attempt Status | COMPLETED |
| Offense Status | ACTIVE |
| Location | HOTEL/MOTEL/ETC |
| Computer | N          Alcohol  N          Drug  N |
| Weapons | FIREARM |
| Criminal Activity | NO GANG INVOLVEMENT |
| Bias Type | |
| Bias Motivation | |
| If Murder: | Weapon Used |
| | Circumstances |

Case No:   24-000547

| Offense | ARMED ROBBERY (FEL) | | | | |
|---|---|---|---|---|---|
| Statute | 16-8-41 | | | | |
| Attempt Status | COMPLETED | | | | |
| Offense Status | ACTIVE | | | | |
| Location | HOTEL/MOTEL/ETC | | | | |
| Computer | N | | Alcohol  N | | Drug   N |
| Weapons | FIREARM | | | | |
| Criminal Activity | NO GANG INVOLVEMENT | | | | |
| Bias Type | | | | | |
| Bias Motivation | | | | | |

| Offense | POSSESS FIREARM, KNIFE DURING COMMISSION OF, ATTEMPT TO COMMIT CRIME (FEL) | | | | |
|---|---|---|---|---|---|
| Statute | 16-11-106 | | | | |
| Attempt Status | COMPLETED | | | | |
| Offense Status | ACTIVE | | | | |
| Location | HOTEL/MOTEL/ETC | | | | |
| Computer | N | | Alcohol  N | | Drug   N |
| Weapons | AUTOMATIC HANDGUN | | | | |
| Criminal Activity | DISTRIB./SELLING | | | | |
| Bias Type | | | | | |
| Bias Motivation | | | | | |

## COMPLAINANT

| Name | SOMOJU, SAINATH | | | | | | |
|---|---|---|---|---|---|---|---|
| Address | | | | | | Phone | 334-233-7368 |
| Race | U | Ethnic | N | Sex | M | DOB | 5/24/1996 (27) |
| Height | 5'06" | Weight | 140 | Hair | BLK | Eyes | BRO |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | | |

## VICTIM(S)

| Name | HALL, EXAVIER DEMON | | | | | | |
|---|---|---|---|---|---|---|---|
| Address | 3554 BROOKSTONE WAY UNION CITY, GA 30291 | | | | | Phone | 404-207-4626 |
| Race | B | Ethnic | N | Sex | M | DOB | 3/21/1980 (43) |
| Height | 5'07" | Weight | 185 | Hair | BLK | Eyes | BRO |
| S.S.N. | ***-**-**** | DL.& St. | ******** | JRN# | | | |
| Type of Victim | INDIVIDUAL | Victim Of | NONE | Injury Type | OTHER MAJ. INJURY | | |
| Homicide/Assault Circumstance | OTHER CIRCUMSTANCES, ARGUMENT | | | | | | |

Case No:   24-000547

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | RIDDLE, TOMMIE | | | | | |
| Address | | | | | Phone | 678-570-1222 |
| Race | B | Ethnic | N | Sex    M | DOB | 4/17/1971 (52) |
| Height | 5'09" | Weight | 220 | Hair    BLK | Eyes | BRO |
| S.S.N. | ***-**-**** | DL.& St. | ******** | JRN# | | |
| Type of Victim | INDIVIDUAL | Victim Of | NONE | Injury  NONE Type | | |
| Homicide/Assault Circumstance | UNKNOWN CIR | | | | | |

## SUBJECT(S)

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | UNKNOWN, UNKNOWN UNKNOWN | | | | | |
| Address | UNKNOWN UNKNOWN  UNKNOWN, | | | | Phone | ___-___-____ |
| Race | U | Ethnic | U | Sex    M | DOB | |
| Height | | Weight | | Hair | Eyes | |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | |
| Sub. Type | SUSPECT | Arrest ID | | Citation # | | |
| Notes | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | WOODRUFF, CLINTON | | | | | |
| Address | 3012 SABLE RUN ROAD ATLANTA, GA 30349 | | | | Phone | 404-953-0500 |
| Race | B | Ethnic | N | Sex    M | DOB | 10/3/1989 (34) |
| Height | 6'00" | Weight | 160 | Hair    BLK | Eyes | BRO |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | |
| Sub. Type | WITNESS | Arrest ID | | Citation # | | |
| Notes | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | COPELAND, MALATHIA ANTIONETTE | | | | | |
| Address | 18 S YORK DR NEWNAN, GA 30265 | | | | Phone | 404-649-1643 |
| Race | B | Ethnic | N | Sex    F | DOB | 2/16/1982 (41) |
| Height | 5'09" | Weight | 160 | Hair    BLK | Eyes | BRO |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | |
| Sub. Type | WITNESS | Arrest ID | | Citation # | | |
| Notes | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | UNKNOWN, UNKNOWN UNKNOWN | | | | | |
| Address | | | | | Phone | ___-__-____ |
| Race | U | Ethnic | U | Sex    M | DOB | |
| Height | | Weight | | Hair | Eyes | |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | |
| Sub. Type | SUSPECT | Arrest ID | | Citation # | | |
| Notes | | | | | | |

Case No:   24-000547

| Name | UNKNOWN, UNKNOWN UNKNOWN | | | | | | |
|---|---|---|---|---|---|---|---|
| Address | | | | | | Phone | ___-___-____ |
| Race | B | Ethnic | N | Sex | M | DOB | |
| Height | | Weight | | Hair | | Eyes | |
| S.S.N. | ___-__-____ | DL & St. | ******** | JRN# | | | |
| Sub. Type | SUSPECT | Arrest ID | | Citation # | | | |
| Notes | | | | | | | |

## RELATIONSHIP(S)

| Person A | EXAVIER DEMON HALL | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |
|---|---|---|---|---|---|
| Person A | EXAVIER DEMON HALL | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |
| Person A | EXAVIER DEMON HALL | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |
| Person A | TOMMIE RIDDLE | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |
| Person A | TOMMIE RIDDLE | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |
| Person A | TOMMIE RIDDLE | Relationship | UNKNOWN | Person B | UNKNOWN UNKNOWN UNKNOWN |

## PROPERTY

| Property Category | PORTABLE ELECTRONIC COMMUNICATIONS | | Loss Type | STOLEN |
|---|---|---|---|---|
| Description | IPHONE XR | | | |
| Notes | | | | |
| Make | APPLE | Model | Style | CELL PHONE |
| Serial No / VIN | | | Color | |
| Vehicle Year | | Plate No/ State/ Type | | |
| Loss Date | 1/19/2024 | Loss Quantity   1 | Loss Value | $600.00 |
| Rec Date | | Rec Quantity | Rec Value | |
| Drug Type | | Drug Quantity | Drug UOM | |

| Property Category | FIREARM ACCESSORIES | | Loss Type | EVIDENCE |
|---|---|---|---|---|
| Description | 9MM SHELL CASING | | | |
| Notes | FOUND IN THE SHIRT OF THE VICTIM | | | |
| Make | | Model | Style | |
| Serial No / VIN | | | Color | |
| Vehicle Year | | Plate No/ State/ Type | | |
| Loss Date | | Loss Quantity   1 | Loss Value | $1.00 |
| Rec Date | | Rec Quantity | Rec Value | |
| Drug Type | | Drug Quantity | Drug UOM | |

Case No:  24-000547

## INVESTIGATOR

| Name | BAKER, DONNA | Assigned Date | 01/20/2024 | Supplement No | 0 |

Entered By    FU, ANDREW

_____

Officer        FU, ANDREW

_____

Supervisor

_____

Case No:  24-000547

# UNION CITY POLICE DEPARTMENT
## Incident # 24-000547
### FU, ANDREW

On Friday, January 19, 2024, at approximately 2230 hours, OFFICER FU of the Union City Police Department was dispatched to Magnuson Hotel located at 6840 Shannon Parkway Room 331, Union City, Fulton County, Georgia 30291 in reference to a person shot.

Prior to arrival, multiple officers of the same department and Grady units 802/788 were already on scene. Prior to arrival, FU activated his department issued body worn camera.

From outside hotel room 331, FU observed a black male laying on the floor with blood around him in room 331. That person was later identified as EXAVIER HALL.

FU met with two witnesses, later identified as MALATHIA COPELAND and CLINTON WOODRUFF. COPELAND and WOODRUFF stated they heard two gunshots, and then observed 3 males running out of room 331 with two males who ran around the southwest end corner of the hotel, and one male ran towards Union City Express Wash located at 4638 State Route 138, Union City, Fulton County, Georgia 30291. COPELAND stated the suspects were wearing all black with bleach-stained hoodies.

FU  met with another victim, later identified as TOMMIE RIDDLE. RIDDLE stated he was in room 331 when the situation occurred. RIDDLE stated that HALL instructed RIDDLE to open the door to let 'JADE' inside. RIDDLE opened the door and found nobody outside. RIDDLE then stated that 3 males came into room 331 and forced RIDDLE and HALL to take everything out their pockets. RIDDLE further stated that the 3 males asked, "Where it's at?" and then one male stated, "I got it". RIDDLE then advised FU that the three males asked for the code on HALL's phone and then as the 3 males left, HALL got shot. RIDDLE also stated that 'JADE' stays at Western Inn & Suites in room 209 located at 7420 Oakley Road, Union City, Fulton County, Georgia 30291.

OFFICER RITCHIE of the same department had COPELAND and RIDDLE fill out a witness statement form and turned it over to FU. FU later turned both witness statements over to Detective Sergeant Baker of the same department.

Later, Union City CID and Union City Crime Scene Investigator arrived at the scene where FU released custody of the scene. FU called Fulton County Medical Examiners via land line and advised Investigator GIFFORD of the Fulton County Medical Examiner's Office of the incident. GIFFORD provided FU with case number 2024-0200. FU provided GIFFORD with Union City Police case number 24-000547. Later, GIFFORD arrived at the scene and pronounced HALL deceased on Saturday, January 20, 2024 at 0010 hours. HALL was removed by the Fulton County Medical Examiner transport team.

Case No:  24-000547

FU took no further action and went back into service.

# EXHIBIT 3

Copy of warrant

IN THE MAGISTRATE COURT OF CLAYTON COUNTY, GEORGIA

Search Warrant Number #: 2024SW50397

Docket NUmber#: E008983

## SEARCH WARRANT

**TO ANY LAWFUL OFFICER TO EXECUTE AND RETURN:**

Affidavit having been made before me by a post certified law enforcement officer Donna Baker, of the following agency, Union City Police Dept, charged with the duty to investigate criminal activity and enforce the criminal laws of the state of GEORGIA and that said officer has reason to believe **that on the premises within CLAYTON County, known as and more particularly described as:**

**5454 Northcut Dr
Atlanta, GA, 30349**

**5454 Northcut Dr. is a two-story home, blue siding with white trimmed windows, faded black roof, black shutters, brown brick facing on the first floor, black door, and a white garage with a silver metal handle. There is a cement driveway that leads to the left side of the home. There is a wooden mailbox base with a black metal and a red flag. The street address is listed on the side of the mailbox. This residence is in Clayton County, Georgia.
There is probable cause to believe that the following crime(s) (is being/has been/have been) committed. (List all applicable offenses and code sections.)**

**Offense(s)**                                                                                          Code Section(s)

**Murder with Malice**                                                                            **16-5-1(a)**

**The list of certain property, items, articles, instruments to be searched for and seized are located in CLAYTON County, GEORGIA and are specifically described as follows:**

**I am a sworn Peace Officer for the Union City Police Department in and for the County of Fulton, State of Georgia. I have been a peace officer in and for the State of Georgia for the past ten (10) years. I am in compliance with the sections of Title 35 of the Official Code of Georgia Annotated and am, therefore, entitled to apply for and execute search and seizure warrants as set forth in the sections of Title 17 of the Official Code of Georgia Annotated.**

**Detectives will be searching for a 2011 Mercedes Benz ML 350, Ga Tag: CYG4981, VIN: 4JGBB8GB0BA718570, that was confirmed as the vehicle observed via Flock Safety Camera, and hotel video surveillance footage at the scene on Friday, January 19, 2024. The 2011 Mercedes Benz ML 350, GA Tag: CYG4981, VIN: 4JGBB8GB0BA718570, was rented through TURO Car Rental Services, and owned by The Courtyard LLC, 6625 Stapleford Ln, Duluth, Georgia 30097, on Thursday, January 18, 2024, through Saturday, January 20, 2024, by MARKIETA PARKS, and was towed to 5454 Northcut Drive, Clayton County, Atlanta, Georgia 30349, on Sunday, February 4, 2024. Thursday, February 8, 2024, Detective Ronnie Allen observed the vehicle parked in the driveway of the residence. The curtilage of 5454 Northcut Dr. will be searched for the vehicle. This residence is blue with white trimmed windows, brown roof, black shutters, brown brick, black door, and a white garage with a silver metal handle. There is a cement driveway that leads to the left side of the home. There is a wooden mailbox base with a black metal and a red flag. The street address "5454" is listed on the side of the mailbox.**

The foregoing described property, items, articles, instruments and person(s) to be searched for and seized constitute evidence connected with the foregoing listed crime(s) and is/are: (O.C.G.A. 17-5-21)

    ☑ designed for use in the commission of the crime(s) herein described.

    ☑ intended for use in the commission of the crime(s) herein described.

    ☑ has/have been used in the commission of the crime(s) herein described.

    ☐ stolen;        ☐ embezzled; property;

    ☐ contraband, the possession of which is unlawful.

    ☑ tangible evidence of the commission of the crime(s) set forth above.

    ☐ a person who has been kidnapped in violation of the laws of this state or who has been kidnapped in another jurisdiction and is now concealed within this state.

    ☐ a human fetus;    ☐ a human corpse.    2

☐ a person for whome an arrest/fugitive warrant has been issued. (Brown v. State, 240 Ga. App. 321

☐ other:

I am satisfied that there is probable cause to believe that the certain person(s), property, items, articles, and instruments, specifically described herein, is/are being concealed on the premises/person(s) above described and that reasonable grounds exist for the application and issuance of this search warrant.
You are hereby commanded to immediately search the above described premises/person(s), for the above list of specifically described person(s), property, items, articles, instruments and making the search at any time of the day or night and if any of the above-listed person(s), property, items, articles, and instruments can be found to seize them. You shall leave a copy of this warrant and a receipt listing any person(s), property, items, articles, and instruments seized. A written inventory, signed under oath by the officer executing this search warrant , listing the person(s), property, items, articles, and instruments seized shall be prepared without unnecessary delay and shall be returned to me or to any judicial officer of this court. (O.C.G.A. 17-5-29)

EXECUTION OF SEARCH WARRANT: This search warrant shall be executed within ten days from the time of issuance. If the warrant is executed, the duplicate copy shall be left with any person from whom the listed person(s), property, items, articles, and instruments were seized; or if no person is available, the copy shall be left in a conspicuous place on the premises particularly described above. Any search warrant not executed within ten days from the time of issuance shall be void and shall be returned to this court. (O.C.G.A. 17-5-25)
USE OF FORCE IN EXECUTION OF SEARCH WARRANT: Necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute this search warrant if, after verbal notice, or an attempt in good faith to give verbal notice, by the officer directed to execute the same of the officer's authority and purpose:

(1) The officer is refused admittance;

(2) The person or persons within the building or property or part thereof refuse to acknowledge and answer the verbal notice or the presence of the person or persons therein is unknown to the officer; or

(3) The building or property, or part thereof, is not then occupied by any person  (O.C.G.A. 17-5-27)
DETENTION AND SEARCH OF PERSON(S) ON THE PREMISES: In the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time. The scope of the detention and search must be reasonably limited to the purposes of:

(1) protecting an officer from attack; or

(2) preventing the disposal or concealment of any instruments, articles, or things particularly described in the search warrant. (O.C.G.A. 17-5-28)

☐ "NO KNOCK PROVISION."
It appearing from affidavit docketed in this case, and such sworn oral testimony as may have been noted, if any, on the application for this search warrant, that there are reasonable grounds to believe that the giving of verbal notice would:

☐ greatly increase the peril to officer(s) executing this warrant;

☐ lead to the immediate destruction of any of the list of property,articles and instruments ordered to be seized.

### NON DISCLOSURE CLAUSE
(Not Valid Unless Signed)

**IT APPEARING** from the aforementioned Affidavit that there are reasonable grounds to believe that the disclosure of this search warrant to any third party or account holder(s) would jeopardize and hinder the criminal investigation and lead to the destruction of the instruments, articles or things ordered to be seized or other evidence in their physical possession.

**IT IS, THEREFORE, ORDERED** the provider not to disclose the existence of, nor the contents of this search warrant or any court order requesting account records to any third party or account holder(s); and not to disclose to any third party or account holder(s) that records were provided to law enforcement.

SO ORDERED, this _____ day of _____, 2024 at _____(A.M.)(P.M.).

_____

Magistrate :
JUDGE OF THE **MAGISTRATE** COURT
.**CLAYTON** County, Georgia

I swear or affirm that all of the information contained in this Affidavit and all other testimony given by me is true and correct to the best of my knowledge and belief

|  | Agency: : **Union City Police Dept**<br><br>**2/9/2024 5:52:04 PM** |
|---|---|
| Prosecutor:        **Donna  Baker** | Badge No: |

SO ORDERED, **2/9/2024 5:52:10 PM**

|  | **CLAYTON, MAGISTRATE COURT** |
|---|---|
| Magistrate:    **B  Scott** | STATE OF **GEORGIA** |

4